Robertson, State Revenue Agent, *v.* Nicholson *et al.*[*]

(En Banc. March 4, 1929.)

[120 So. 822. No. 27714.]

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2267, p. 507, n. 8; section 2287, p. 512, n. 91.

*Percy Bell* and *Robertson & Campbell,* for appellant.

*Ernest Kellner, Jr.,* for appellees.

Argued orally by *Percy Bell,* for appellant.

ETHRIDGE, J. A motion has been filed in this cause to strike the evidence from the transcript of the record, such motion being in the following form:

"Now come the appellees, L. M. Nicholson, sheriff of Washington county, Mississippi, United States Fidelity & Guaranty Company, and American Surety Company of New York, by their solicitor, Ernest Kellner, Jr., and move this court to strike the evidence from the transcript of the record in this cause, for the reason that the appellant failed to give notice to the stenographer to transcribe the notes of the evidence taken down on the trial of the cause. In support of this motion, there is attached hereto the stenographer's transcript of the notes of the evidence, except that the depositions introduced in evidence are not copied therein, with the stenographer's certificate that no notice was received by her, but that the transcript was made upon request of appellee's solicitor."

The exhibit to the stenographer's certificate reads as follows:

"In the Chancery Court of Washington County, Mississippi, March Term, March 9, 1928. *Stokes V. Robertson, State Revenue Agent,* v. *L. M. Nicholson, et al.* Number 7567. Stenographer's Transcript. Trial judge, Hon. J. L. Williams, Chancellor of the 9th Chancery District of Mississippi. Counsel for Complainant, Hon. Percy Bell; Counsel for Defendant, Hon. Ernest Keller, Hon. W. S. Watson. Mrs. Lucile W. Shuttleworth, Official Stenographer. Evidence in the case, to-wit: Counsel for complainant introduces in evidence the deposition of Mr. Chas. J. Moore, which was read to the court. Counsel for defendants object to any opinion of Mr. Moore as to what the law is with reference to levee taxes. Mr. Moore is trying to testify as a law expert. By Judge Bell: We here introduce this report; this is the report and figures of Mr. Moore as testified by him, and this is a copy of minute book as to three hundred seventeen dollars being paid back by the board of supervisors on the Galloway demand; we introduce all of these records and reports in evidence. Complainant rests. Counsel for de-

fendant here introduces in evidence the deposition of L. M. Nicholson, the deposition of Ernest Kellner, Jr., and the original order signed by Whitfield & Knox, as Exhibit A to defendant's evidence, all being read to the court. Defendant rests. Complainant rests."

The question for decision is whether the proceeding under this motion is controlled by section 379, Hemingway's 1927 Code (section 605, Code of 1906), which reads as follows:

"*Note of Evidence made on Hearing.*—On the hearing of each case the chancellor or clerk shall make a note of the depositions and instruments of written evidence introduced and read by the parties respectively, showing the order of their introduction, and by which party offered; and such note of the evidence shall be filed with the papers of the cause, and shall be part of the record thereof; but the want of such note or memorandum shall not affect the rights of any party."

Or whether it is controlled by section 596, Hemingway's 1927 Code (chapter 156, Laws of 1926), reading as follows:

"In all cases in which the evidence is noted by the official stenographer, any person desiring to appeal the case shall notify the stenographer in writing within ten days after the adjournment of court of the fact that a copy of the notes is desired," the statute providing what the stenographer shall do therein.

It will be noted, from reading the last section, that it applies to all cases in which the evidence is noted by the official stenographer. In other words, this section does not include all cases, but only such cases as where the evidence is taken down by the stenographer. It is not contemplated that the stenographer shall take down and copy a deposition already taken, but the clerk, in making up the record for this court, will copy only such of the depositions and written instruments offered in evidence as were introduced by the parties on the trial in the

order in which such evidence is introduced, section 596, Hemingway's 1927 Code (section 797a, Code of 1906). We are of opinion that this case is controlled by section 379, Hemingway's 1927 Code. By the express provisions of the last clause of this section, it is provided that "the want of such note or memorandum shall not affect the rights of any party." While, in the case before us, the stenographer actually made a notation of the order of the introduction of the evidence, it was done merely for the convenience of the chancellor or clerk. The note of the introduction of the evidence should also be filed with the clerk as a part of the record in the case, but the failure to do so, as expressly provided, will not affect the rights of the parties. If the record is made up without the aid of such note or memorandum, it will be treated in this court as a proper record, unless and until it shall be challenged by parties in the proper manner.

We are therefore of the opinion that the failure to give notice to the stenographer to transcribe such notes as were made in this cause was immaterial and unnecessary, and does not prevent this court from hearing the cause on appeal. Motion to strike the evidence will therefore be overruled.

*Overruled.*